```
STATE OF INDIANA        )      IN THE TIPPECANOE SUPERIOR COURT 2
                        )SS:          TO THE 2013 TERM
COUNTY OF TIPPECANOE)

DEBORAH HENADY-KORBA     )
     Plaintiff,          )
     vs.                 )
                         )     CAUSE NO. 79D02-1308-PL- 00030
                         )
SALLIE MAE, INC.         )
Defendant.               )
```

**FILED**
AUG 23 2013

Clerk Superior Court No. 2 Tippecanoe Co.

## COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq. AND THE INDIANA DECEPTIVE CONSUMER SALES ACT, Ind. Code § 24-5-0.5-1, et seq.

Comes now the Plaintiff, DEBORAH HENADY-KORBA (hereinafter "Plaintiff"), by counsel, Melissa Wilkes, and alleges that SALLIE MAE, INC. (hereinafter "Sallie Mae") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA") and the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 et seq. (hereinafter "IDCSA"), as follows:

### PARTIES

1. Plaintiff is an individual citizen and resident of the State of Indiana, County of Tippecanoe, and City of Lafayette.

2. Defendant Sallie Mae solicits and transacts business within the State of Indiana, County of Tippecanoe, and is headquartered at 2001 Edmund Halley Dr., Reston, VA 20190.

3. This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 227(b)(3).

### FACTUAL ALLEGATIONS

4. Plaintiff has multiple federal student loans (hereinafter "Accounts") serviced by Sallie Mae.

1

5. Within the last four (4) years, Plaintiff has received numerous collection calls from Sallie Mae's agents and/or employees to her cellular telephone number in an attempt to collect upon the Accounts.

6. On or around July 9, 2013, at approximately 12:28 p.m., Plaintiff instructed a Sallie Mae representative, by the name of Kevin, to stop calling her cellular number.

7. Despite Plaintiff's cease and desist request, Sallie Mae continued to place telephone calls to Plaintiff's cellular telephone using an automatic dialing system and/or artificial or pre-recorded voice. Plaintiff received approximately one-hundred (100) calls after the cease and desist request and calls are continuing.

8. Upon information and belief, Defendant maintains business records that show all telephone calls placed to Plaintiff's cellular telephone number.

9. Plaintiff believes and alleges that during the aforementioned telephone calls, Defendant used an "automatic telephone dialing system" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

10. Plaintiff believes and alleges that during the aforementioned telephone calls, Defendant intended to use an "automatic telephone dialing system" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

11. Plaintiff believes and alleges that these telephone calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

12. Plaintiff believes and alleges that she did not provide "express consent" allowing Defendant to place telephone calls to her cellular telephone number pursuant to 47 U.S.C. § 227 (b)(1)(A), and any consent, if it existed, was expressly revoked.

2

13. The credit transactions that occurred between Plaintiff and Defendant are "consumer transactions" as defined by I.C. § 24-5-0.5-2(a)(1).

14. Defendant is a "supplier" as defined by I.C. § 24-5-0.5.2(a)(3).

15. Defendant's conduct rose to the level of an "incurable deceptive act" as defined by I.C. § 24-5-0.5-2(a)(8).

## COUNT I: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

16. Plaintiff incorporates the allegations contained in paragraphs 1 through 15 and further states as follows:

17. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TPCA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et *seq.*

18. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

19. Plaintiff incorporates the allegations contained in paragraphs 1 through 18 and further states as follows:

20. Even after Plaintiff placed Sallie Mae on notice that it did not have consent to call Plaintiff's cellular telephone number, Sallie Mae's agents and/or employees repeatedly continued to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

22. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## COUNT III: NEGLIGENT VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT, Ind. Code § 24-5-0.5-1, *et seq.*

23. Plaintiff incorporates the allegations contained in paragraphs 1 through 22 and further states as follows:

24. Each and every violation of the TCPA by Defendant constitutes a deceptive act, in violation of the IDCSA, specifically Ind. Code § 24-5-0.5-1(a)(19).

25. As a result of Defendant's negligent violations of IDCSA, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation of the TCPA plus reasonable attorney fees, pursuant to Ind. Code § 24-5-0.5-4(a).

## COUNT IV: WILLFUL VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT, Ind. Code § 24-5-0.5-1, *et seq.*

26. Plaintiff incorporates the allegations contained in paragraphs 1 through 25 and further states as follows:

27. Even after Plaintiff placed Sallie Mae on written notice that it did not have consent to call Plaintiff's cellular telephone number, Sallie Mae's agents and/or employees repeatedly continued to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway, in violation of the TCPA and the IDCSA.

28. As a result of Defendant's willful deceptive acts, Plaintiff is entitled to double statutory damages not exceeding $1,000.00 for each and every violation of IDCSA.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants, as follows:

A. A judgment in the amount of $500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages in the amount of $1,500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to 47 U.S.C. § 227(b)(3);

C. A judgment in the amount of $500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to Ind. Code § 24-5-0.5-4(a);

D. Double damages in the amount of $1,000.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to Ind. Code § 24-5-0.5-4(a)(2);

E. All costs, fees and expenses incurred in this case, including reasonable attorney's fees, pursuant to Ind. Code § 24-5-0.5-4(a);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Such other relief as the Court deems just and proper.

Dated: 8/22/13

Respectfully submitted,

PEARLMAN, CHOSNEK & HOPSON, P.C.
Attorney for the Plaintiff

By: _____
MELISSA WILKES, Atty. No. 28132-29
P.O. Box 708
Lafayette, IN 47902
Telephone: (765) 742-9081
Facsimile: (765) 742-4379
E-mail: